DLA PIPER LLP (US)
Michael Garfinkel (SBN 156010)
michael.garfinkel@us.dlapiper.com
Carolina Veltri (SBN 319063)
carolina.veltri@us.dlapiper.com
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:   310.595.3000
Fax:   310.595.3300

*Attorneys for Plaintiff*
*Hansen Cold Storage Construction*

**FILED**
CLERK, U.S. DISTRICT COURT
December 30, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VPC  DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hansen Cold Storage Construction, <br><br> Plaintiff, <br><br> v. <br><br> Cold Systems, Inc. dba Super Cool Refrigeration, <br><br> Defendant. | Case No. 2:19-cv-07617-SB-MAA <br><br> **JUDGMENT** |

This action came on regularly for trial on December 21, 2021, in Courtroom 6C of the United States District Court, the Honorable Stanley Blumenfeld, Jr. presiding.  Plaintiff was represented by Michael Garfinkel and Carolina Veltri of DLA Piper LLP (US), and Defendant was represented by Gennady Lebedev and Ethan Michael of Lebedev, Michael & Helmi.

A jury of 8 persons was impaneled and sworn.  After hearing the evidence and arguments of counsel and after the jury was instructed by the Court, the claims were submitted to the jury with instructions to return a special verdict, with Plaintiffs claims in equity reserved for determination by the Court.  The jury deliberated and thereafter returned into Court with its special verdict consisting of questions submitted to the jury and the answers given thereto by the jury, which said verdict was in words and figures as follows, to wit:

"We, the jury, unanimously agree to answer the following questions and return them under the instructions of this Court as our verdict in this case:

**FOR ALL CLAIMS**

1.   Did the plaintiff prove, by a preponderance of the evidence, that "Hansen Cold Storage" and/or "Hansen Cold Storage Construction" acquired "secondary meaning" (as that term is defined in the Jury Instructions that were read to you) before the defendant registered "hansencoldstorageconstruction.com" on January 1, 2017?

"YES"    Yes_____

"NO"     _____

2.   Did the plaintiff prove, by a preponderance of the evidence, that "Hansen Cold Storage" and/or "Hansen Cold Storage Construction" acquired "secondary meaning" (as that term is defined in the Jury Instructions that were read to you) before the defendant registered "hansencoldstorage.com" on May 3, 2018?

"YES"    Yes_____

"NO"     _____

1

If you answered "NO" to both Questions 1 and 2, you may sign and return the verdict. If you answered "YES" to either Question 1 or Question 2, continue to the questions below:

### FEDERAL AND CALIFORNIA TRADEMARK INFRINGEMENT

3. Did plaintiff prove, by a preponderance of the evidence, that the defendant's use of "Hansen Cold Storage Construction" and/or "Hansen Cold Storage" created a "likelihood of confusion" (as that term is defined in the Jury Instructions that were read to you)?

"YES"     Yes_____
"NO"      _____

### CYBERPIRACY

4. With respect to "hansencoldstorageconstruction.com" and/or "hansencoldstorage.com", did the plaintiff prove by a preponderance of the evidence, that (1) the defendant registered, trafficked in, or used a domain name, (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff, and (3) the defendant acted with bad faith intent to profit from the mark?

"YES"     Yes_____
"NO"      _____

If you answered "YES" to Question 4, please answer Question 5. If you answered "NO" to Question 4, please skip to Question 6.

### SAFE HARBOR DEFENSE TO CYBERPIRACY

5. With respect to "hansencoldstorageconstruction.com" and/or "hansencoldstorage.com" did the defendant prove, by a preponderance of the evidence, that the defendant believed and had reasonable grounds to believe that the use of "hansencoldstorageconstruction.com" and/or "hansencoldstorage.com" was a fair use or otherwise lawful and defendant was not acting even partially in bad faith ("safe harbor defense" as that term is defined in the Jury Instructions that were read

2

to you)?

    "YES"    _____

    "NO"    No_____

## STATUTORY DAMAGES

6. If you find that plaintiff is entitled to statutory damages (as defined in the jury instructions that were read to you) what sum in dollars do you find the plaintiff is entitled to recover?

    $200,000_____

Dated: December 22, 2021    _____
                                               PRESIDING JUROR

    Thereafter, based on the jury's special verdict and on its consideration of the evidence presented, the Court found Defendant Cold Systems, Inc. dba Super Cool Refrigeration liable for unfair business practices under California Cal. Bus. & Prof. Code §17200. The Court ordered the parties to meet and confer regarding the amount of attorneys' fees that should be awarded to Plaintiff.

    Wherefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

    1. Judgment is hereby entered in favor of Hansen Cold Storage Construction ("Plaintiff") and against Defendant Cold Systems, Inc. dba Super Cool Refrigeration ("Defendant") on Plaintiff's claims for unfair competition under 15 U.S.C. § 1125(a), trademark infringement under California common law, and cyberpiracy under 15 U.S.C. § 1125(d).

    2. Plaintiff is hereby awarded damages against Defendant in the amount of $200,000.

    3. Injunctive relief is hereby entered according to the following terms:

        A. Defendant and its owner, officer(s), employee(s) and representative(s) are enjoined from (a) using

www.hansencoldstorage.com, www.hansencoldstorageconstruction.com, and/or any other domain name containing the term Hansen and (b) using the name Hansen in conjunction with any activities relating to its business(es).

   B. Defendant will transfer all domain names containing the term Hansen to Plaintiff within 30 days. Plaintiff will provide Defendant with the information reasonably necessary to effectuate this transfer in a timely manner.

  4. Plaintiff shall recover from Defendant costs in the amount of $_____ (as later determined), which shall include attorneys' fees (if recoverable and awarded by the Court).

Dated: December 30, 2021

                     Stanley Blumenfeld, Jr.
                     United States District Judge